IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT A. DOZIER, #181-210, | * | |
| Plaintiff | | |
| | * | |
| v. | | Civil Action No. RDB-05-1621 |
| | * | |
| K. GREEN, et al., | | |
| Defendants | * | |

\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Defendants have moved for dismissal or summary judgment against Plaintiff Robert A. Dozier. (Paper No. 17). Plaintiff has not filed an opposition.[1] The issues in the motions have been fully briefed and no hearing is necessary. Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

**Standard of Review**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), Plaintiff was notified on December 6, 2005, that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 18). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*).

there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

## Background

Plaintiff alleges, in general terms, that his outgoing personal and legal mail was opened outside of his presence by employees of the Eastern Correctional Institution. (Paper No. 1). He states that he is not seeking monetary damages but rather that he wants to "make an example out of them. Rules are rules they must be followed." (*Id.*)

## Analysis

**A.    Exhaustion:**

The Court first examines Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be

brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md. 2003). The Court declines to dismiss this case based on Plaintiff's failure to exhaust administrative remedies. Defendants do not provide any affidavits, declarations, or documentary evidence in support of their contention. Rather, they rely on Plaintiff's unverified Complaint that indicates he did not appeal the dismissal of his ARP to the Commissioner. This the Court finds insufficient.

**B.    Outgoing Mail**

Plaintiff's claim that his outgoing mail was opened outside of his presence lacks specificity. Prisoner claims regarding legal mail are typically analyzed as access to court claims. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S.343, at 351 (1996). Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, the Supreme Court clarified

the *Bounds* decision by finding that a deprivation of a prisoner's right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. *See Lewis*, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 354.

Plaintiff has advised of no actual injury or specific harm which he has suffered as a result of his outgoing legal mail being opened outside of his presence. The only evidence Plaintiff offers of injury are conclusory statements that the conduct of mail room staff violated his constitutional rights. Without greater specificity, Plaintiff's claim fails.

**C.     Injunctive Relief**

To the extent Plaintiff's Complaint is construed as seeking injunctive relief, his claim is likewise subject to dismissal. During the pendency of this action, Plaintiff was transferred to the Maryland House of Correction-Annex (MHC-X). (Paper No. 16 and 19).[2] The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the Court that Plaintiff is no longer housed at the Eastern Correctional Institution, his request for injunctive relief has been rendered moot. Consequently, the instant complaint for injunctive relief shall be dismissed.

---

[2] Plaintiff does not allege that his mail has been tampered with at MHC-X.

A separate Order will be entered in accordance with this Memorandum Opinion.

January 25, 2006                              /s/
                                                  RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE